THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THEODORE HEINEMANN, | CASE NO. C15-1841-JCC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| SEATTLE CITY COUNCIL, | |
| Defendant. | |

This matter comes before the Court on Defendant Seattle City Council's motion to dismiss (Dkt. No. 10). Plaintiff Theodore Heinemann did not respond to the motion. Having thoroughly considered Defendant's briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Under the Seattle Municipal Code (SMC), it is unlawful for a person to "sit or lie down upon a public sidewalk, or upon a blanket, chair, stool, or any other object placed upon a public sidewalk, during the hours between seven (7:00) a.m. and nine (9:00) p.m." in certain enumerated zones. SMC § 15.48.040(A). A violation of § 15.48.040 is a civil infraction that subjects the violator to a maximum penalty of $50.00. SMC § 15.48.900(A).

On November 22, 2015, Plaintiff Theodore Heinemann received a notice of infraction for violating § 15.48.040. (Dkt. No. 10-3 at 2.) He was fined $50.00. (*Id.*)

1    On November 23, 2015, Plaintiff sued Defendant Seattle City Council, alleging that

2  § 15.48.040 violates the Eighth Amendment and the Equal Protection Clause. (*See* Dkt. No. 4 at

3  2-3.) Plaintiff sought only monetary damages, not injunctive or declaratory relief. (*See id.*)

4    Defendant now moves to dismiss Plaintiff's claims in their entirety. (Dkt. No. 10 at 1.)

5  **II.    DISCUSSION**

6    A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

7  relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the court must be

8  able to conclude that the moving party is entitled to judgment as a matter of law, even after

9  accepting all factual allegations in the complaint as true and construing them in the light most

10  favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

11    As a threshold matter, Plaintiff did not file a response brief. "Except for motions for

12  summary judgment, if a party fails to file papers in opposition to a motion, such failure may be

13  considered by the court as an admission that the motion has merit." Local Civ. R. 7(b)(2).

14  However, the Court holds *pro se* plaintiffs to less stringent standards than lawyers. *Hebbe v.*

15  *Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). The Court thus does not interpret Plaintiff's failure to

16  respond as an admission that Defendant's motion has merit.

17    Although Plaintiff does not specifically reference 42 U.S.C. § 1983, his request for

18  monetary damages—rather than injunctive or declaratory relief—necessarily indicates that he

19  brings his claims under § 1983. *See Anaeme v. United States*, 2011 WL 5439439 at *3 (D. Or.

20  Oct. 7, 2011) ("Plaintiff can only recover damages for violation of his constitutional rights under

21  a federal statute, 42 U.S.C. § 1983."). Defendant argues that such a claim cannot be maintained

22  against it, because a city council has absolute immunity from § 1983 liability for its legislative

23  actions. (Dkt. No. 10 at 5.)

24    "[S]tate and regional legislators are entitled to absolute immunity from liability under

25  § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). "It is well-

26  settled that adoption of an ordinance is a legislative act for purposes of immunity." *Lear v.*

ORDER GRANTING MOTION TO DISMISS
PAGE - 2

1    *Seattle Housing Auth.*, 2013 WL 5775568 at \*2 (W.D. Wash. Oct. 25, 2013); *see also Kuzinich*

2    *v. County of Santa Clara*, 689 F.2d 1345, 1349 (9th Cir. 1982) ("[T]he enactment of a general

3    zoning ordinance is a legislative act.").

4         Here, Plaintiff seeks monetary damages for the passage of an allegedly unconstitutional

5    law. (*See* Dkt. No. 4 at 2-3.) But, in passing that law, Defendant was performing a legislative act

6    and is therefore entitled to absolute immunity from § 1983 liability.

7    **III.   CONCLUSION**

8         For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 10) is GRANTED.

9    Plaintiff's claims are DISMISSED with prejudice. The Clerk is respectfully DIRECTED to close

10   this case.

11        DATED this 31st day of March 2016.

12

13

14

15

16

17   _____

18   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION TO DISMISS
PAGE - 3